# Yeingst, Appellant, *v.* Philadelphia, Harrisburg & Pittsburg Railroad Company.

*Railroads—Widening road—Consolidation and merger—Acts of February* 19, 1849, *P. L.* 79, *and March* 17, 1869, *P. L.* 12.

1. The Act of March 17, 1869, P. L. 12, relating to the widening and straightening of railroads applies to a railroad company formed by the merger and consolidation of two railroad companies having powers conferred upon railroad companies by the Act of February, 19, 1849, P. L. 79.

2. Where a railroad company is formed by the consolidation and merger of two other companies, a private suit cannot attack the validity of a special act incorporating one of the companies, because of a deficiency in the title of the act.  Such a question can only be raised by the commonwealth in a direct proceeding for that purpose.

Argued March 8, 1909.  Appeal, No. 8, March T., 1909, by plaintiff, from decree of C. P. Cumberland Co., March T., 1907, No. 2, dismissing bill in equity in case of William Yeingst v. The Philadelphia, Harrisburg & Pittsburg Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Bill in equity for an injunction to restrain condemnation of land by a railroad company for widening its right of way.  Before SADLER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*R. W. Woods,* for appellant.

*Conrad Hambleton,* with him *John W. Wetzel,* for appellee.

OPINION BY RICE, P. J., July 14, 1909:

The Act of March 17, 1869, P. L. 12, provides "that it shall and may be lawful for any railroad . . . . company, now or hereafter incorporated by or under any law of this commonwealth, to widen, . . . . enlarge and otherwise improve the whole or portions of their lines of railroads . . . . whenever in the opinion of the board of directors of any such company the same may be necessary for the better securing the safety of persons and property, and increasing the facilities and capacity for the transportation of traffic thereon and for such purpose to purchase, hold and use or enter upon, take and appropriate land and materials."  The act then provides for compensation to the owner, and, in case of inability to agree with him, for ascertainment and payment of the same in the manner provided in the eleventh section of the act of February 19, 1849.  In Dryden v. Pittsburg, Virginia and Charleston Railway Co., 208 Pa. 316, the act of March 17, 1869, was applied to a railroad company incorporated in 1867 by a special act, which by its charter was granted all the powers and made subject to all the provisions of the general railroad act of 1849. We entertain no doubt of its applicability to a railroad com-

pany formed by the merger and consolidation of two railroad companies having those powers.

In the written agreement as to the facts of the present case, which was submitted to the court upon the trial, appears the following: "The defendant is a corporation of the state of Pennsylvania incorporated under the following acts of assembly, charters, mergers and other proceedings." Then follows a recital of the acts, mergers and other proceedings, a pretty full abstract of which is set forth in Commonwealth v. Philadelphia, Harrisburg and Pittsburg Railroad Co., 23 Pa. Superior Ct. 235. As will be seen by reference thereto, the defendant company was formed by the consolidation and merger of the Harrisburg Terminal Railroad Company and the Harrisburg and Shipensburg Railroad Company, which latter company had acquired all the rights, powers, privileges, franchises and immunities of the Harrisburg and Potomac Railroad Company, originally, in name, the Miramar Iron Company. The Harrisburg Terminal Railroad Company was incorporated under the act of 1868, and by virtue of the fifth section of that act was entitled to exercise all the rights, powers and privileges, and was subject to all the restrictions and liabilities of the act regulating railroad companies approved February 19, 1849, and the supplements thereto, as fully and as effectually as if the said powers were specially incorporated in its charter. But it is contended that by reason of the provisions of the act of April 30, 1869, the Miramar Iron Company had "the rights not of a railroad company but of a transportation company" (we quote from brief of appellant's counsel) and that we so held in the case cited. The deduction which counsel draws is, that it was the clear intention of the legislature that the act of March 17, 1869, should not apply to that company, and hence does not apply to the defendant company. The argument is based on false premises. As shown by the recital of the provisions of the act of April 30, 1869, in that case and our comments on the same, the clear legislative intent was, that in the construction and operation of its railroad or railroads the company should enjoy all the rights, powers and privileges of the general act of 1849 regulating railroad companies, also all the

rights, powers and privileges of a general transportation company, and that its railroad when completed should not be restricted in its use to the carriage of the company's products to market, but should be a public highway for the conveyance of passengers and the transportation of freight. The contention that such a corporation is not a railroad company within the meaning of the merger acts or the act of March 17, 1869, cannot be sustained.

The other ground upon which the appellant relies is that the act of 1869 incorporating the Miramar Iron Company is unconstitutional because notice is not given in its title that it related to anything but an iron company. This ground of objection to the validity of the charter of the consolidated company, the defendant in the case, was considered at length in the case cited, and the conclusion was reached, after full deliberation, that even if the validity of its charter could be attacked by the commonwealth notwithstanding its unequivocal acts recognizing it—a point we do not admit—it cannot be questioned by anyone except the commonwealth, nor by the commonwealth except in a direct proceeding instituted for that purpose. Upon full reconsideration of the question we adhere to that conclusion. It is not in conflict with either of the cases cited by the appellant's counsel when it is considered in the light of the facts set forth in the agreement of facts upon which the case was tried, and is supported by many other cases.

It may be that the words of the agreement under which the defendant was permitted to enter and to make the improvements the use of which is now sought to be restrained, were broad enough to reserve to the plaintiff the right to compel the removal of them from his land, but it is doubtful whether such was the intention of the parties. If it was not, the learned judge below has shown conclusively that the plaintiff was barred by his laches. We do not say that his construction of the agreement was not the correct one. But in view of our conclusion of the main question it is unnecessary to express a more decided opinion upon the effect of the agreement.

The decree is affirmed at the costs of the appellant.